UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

**DEBRA CITRO,**

**Plaintiff,**

v.

**WHITE BEECHES GOLF &
COUNTRY CLUB, a New Jersey not-
for-profit Corporation; PATRICK
PAOLELLA; FRED PIERONI;
CHARLES ALBERTA; E. CARTER
CORRISTON; CARMINE IDONE;
GARY VASSALLO; ROBERT
SILVESTRI; NELSON MAIONE;
JAMES FLYNN; C. JOHN MILIOTIS;
EDWARD COMEAU; GUS DOVI;
ERIC LANGSLET; DILIO
DiPASQUALE; RONALD BOZZO;
and the BOROUGH OF HAWORTH,
A New Jersey Municipal Corporation,**

**Defendants.**

CASE NO.: 05-1792 (JAG)

*NOTICE OF MOTION*

---

TO:   David J. Pack, Esq.
      Thomas B. Hanrahan & Associates
      80 Grand Avenue
      River Edge, NJ 07661-1914

      Peter Scandariato, Esq
      Harwood Lloyd
      130 Main Street
      Hackensack, NJ 07601

Raymond R. Wiss, Esq.
Wiss Cooke & Santomauro
Three University Plaza
Hackensack, NJ 07601

James Scott Murphy, Esq.
Garrity Graham Favetta & Flynn
Box 4205
Montclair, NJ 07042

TAKE NOTICE that the undersigned attorney for Plaintiff will move before this Court, on the 31st day of October, 2005 at 9:30 AM, or as soon thereafter as counsel may be heard, for an order pursuant to F.R.Civ.Pro.19 permitting Plaintiff to file an Third Amended Complaint, naming the Borough of Oradell as an additional Defendant. Plaintiff will rely upon the certification of Lydia B. Cotz in support of the within motion.

Dated: October 8, 2005

_____
Lydia B. Cotz

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

**DEBRA CITRO,**

                **Plaintiff,**

**v.**

**WHITE BEECHES GOLF &
COUNTRY CLUB, a New Jersey not-
for-profit Corporation; PATRICK
PAOLELLA; FRED PIERONI;
CHARLES ALBERTA; E. CARTER
CORRISTON; CARMINE IDONE;
GARY VASSALLO; ROBERT
SILVESTRI; NELSON MAIONE;
JAMES FLYNN; C. JOHN MILIOTIS;
EDWARD COMEAU; GUS DOVI;
ERIC LANGSLET; DILIO
DiPASQUALE; RONALD BOZZO;
and the BOROUGH OF HAWORTH,
A New Jersey Municipal Corporation,**

                **Defendants.**

---

CASE NO.: 05-1792 (JAG)

*CERTIFICATION IN SUPPORT
OF MOTION*

Lydia B. Cotz does hereby certify as follows:

1.      I am the attorney for plaintiff in this matter. The Complaint alleges *inter alia* gender bias in the operation of Defendant White beeches Country Club; and that Defendant Borough of Haworth should be enjoined from issuing a liquor license to any facility which so engages in gender biased-practices.  Among other claims, we assert that a gender-biased facility which holds a liquor license is a place of public accommodation under NJSA 10:5- 1, *et seq*., and that such conduct is prohibited by New Jersey's LAD.

2.      It has just come to my attention, while researching White Beeches on the internet, that its land holding extend into the Borough of Oradell; and that it has a bar at the 10th hole (which lies in Oradell) and that it therefore holds an Oradell liquor license also.

3.      In order to obtain complete relief, we need to add the Borough of Oradell as a Defendant.  I attach hereto as Exhibit A a copy of the proposed Third Amended Complaint in which the last count against Borough of Oradell is new.

4.      Issue in this case has just been joined; in fact, none of the Defendants have even served discovery.  There will be no delay caused by adding a new defendant at this early stage.

5.      I attempted to do this by consent, but although counsel for the Club consented, as did Mr. Scandariato, Mr Hanrahan, attorney for the Borough of Haworth, could not citing a potential conflict as he also represents Oradell from time to time.

Dated:October 8 , 2005

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**DEBRA CITRO,**

**Plaintiff,**

v.

**WHITE BEECHES GOLF &
COUNTRY CLUB, a New Jersey not-
for-profit Corporation; PATRICK
PAOLELLA; FRED PIERONI;
CHARLES ALBERTA; E. CARTER
CORRISTON; CARMINE IDONE;
GARY VASSALLO; ROBERT
SILVESTRI; NELSON MAIONE;
JAMES FLYNN; C. JOHN MILIOTIS;
EDWARD COMEAU; GUS DOVI;
ERIC LANGSLET; DILIO
DiPASQUALE; RONALD BOZZO;
the BOROUGH OF HAWORTH, and
*the BOROUGH OF ORADELL*
New Jersey Municipal CorporationS,**

CASE NO.: 05-1792 (JAG)

*THIRD AMENDED
COMPLAINT
and
JURY DEMAND*

Plaintiff, complaining of Defendants says,

## PARTIES

1.      Plaintiff Debra Citro resides at 25 Falling Waters, Oakland, Bergen County

New Jersey.

2.      Defendant White Beeches Golf & Country Club ("the Club") is, upon

information and belief, a New Jersey not-for-profit corporation and is located at 70 Haworth

Drive, Haworth, Bergen Country, New Jersey.

Page 1 of 11

3.      Defendant Borough of Haworth is a New Jersey municipal corporation, having a principal office at 300 Haworth Avenue, Haworth, Bergen County, New Jersey.

4.      Defendants Patrick Paolella; Fred Pieroni; Charles Alaberta; E. Carter Corriston; Carmine Idone; Gary Vassallo; Robert Silvestri; Nelson Maione; James Flynn; C. John Miliotis; Edward Comeau; Gus Dovi; Eric Langslet; Dilio DiPasquale and Ronald Bozzo are all of the Board of Governors of the Club ("the Governors").

5.      *Defendant Borough of Oradell is a New Jersey municipal corporation, having a principal office at 355 Kinderkamack Road, Oradell, NJ 07649.*

6.      Carlo Olrando is Plaintiff's former husband.

### FACTUAL ALLEGATIONS

7.      The Club operates a recreational facility located in Haworth, New Jersey which includes a golf course, a swimming pool, a restaurant and bar, locker rooms, a card and pool room, a function room and pro shop.

8.      The Governors control the business and the property of the Club.

9.      At all times relevant, the Club held, and still holds, a liquor license issued by the Borough of Haworth.

9.      From time-to-time the Club rents or lends out its golf course for special events such as charitable tournaments operated by non-member organizations.

10.     The Club provides catering services and alcoholic beverages to members of the general public who rent its function room under the nominal sponsorship of a Class A member.

11.     The Club's pro shop is open to the public, and the Club's golf pro provides lessons to the general public on the Club's golf course.

12.     On information and belief, the Club derives significant revenue from the general public.

13.     By virtue of holding a liquor license, and various other activities, the Club is a place of public accommodation within the meaning of **NJSA 10:5-5(v)**.

14.     The Club maintains various categories of membership which provide different levels of access to the Club facilities. These include, inter alia:

    a)     Class A, which has "full rights and privileges to the Club and its property." Class A members can vote. Prior to 1999, only men could be Class A members. Since 1999, a married heterosexual couple could designate which spouse would hold the membership. There are only (2) female Class A members out of 250.

    b)     Special, "those persons awaiting elevation to Class A status." They cannot vote, but have all other privileges of Class A members.

    c)     Lady Associate, "wives of Class A and Special members."

    d)     Lady Special, "widows of Class A members" and, under certain circumstances, divorced wives of Class A members.

    e)     Junior, "Unmarried sons, stepsons, daughters and stepdaughters living at home, until the age of 22."

There is no category of membership for a male spouse of a female Class A member.

15.     In order to make available reasonable opportunities to play golf, as well as to

limit wear and tear on the golf course, the Board of Trustees has capped the category of membership that provides the most access to the golf course at 250 members. At the present time, the category of membership that provides the most access to the golf course is called "Class A" Membership. New "Class A" Members are supposed to be admitted only as old members leave.

16.     In or about 1985, Plaintiff became a Lady Associate Member of the Club when her first husband Edward Citro became a Class A Member.

17.     Edward Citro passed away in 1993.

18.     When Edward Citro passed away, Plaintiff's membership status automatically converted to a Lady Special by operation of the Club's bylaws.

19.     Carlo Orlando was a Class A member of the Club for many years, until early 2005. He held this status despite the fact that he was a convicted felon, having been convicted on federal charges and served time on house arrest. Upon information and belief, this fact was known within the Club and among the Governors.

20.     Plaintiff married Orlando in 1997. As a consequence of that marriage, Plaintiff's membership automatically converted back to Lady Associate membership.

21.     From 2002 through 2004 Orlando engaged in a course of domestic violence directed against Plaintiff. Some of those acts occurred at the Club . He was convicted of acts of domestic violence and was incarcerated as a result.

22.     Plaintiff commenced divorce proceedings against Orlando in 2002. The divorce became final in Fall, 2003.

23.     As a result of that divorce, the Club determined that Plaintiff's membership was terminated.

24.     Before and after her divorce, Plaintiff attempted to convert her membership back to a Lady Special, as provided by the Bylaws.

25.     In or about 2002 or 2003, the Club's bylaws were amended to allow the divorced spouse of a Class A member to return to a Lady Special status, with an ex-husband's consent to his former wife's admission to membership. There is no reciprocal provision for a divorced male to obtain consent from his Class A member ex-wife for membership.

26.     Orlando refused his consent to Plaintiff's initial application, and as a result, Plaintiff could not assume Lady Special membership status.

27.     Orlando is a convicted felon, having been convicted on federal charges in the early 1990's. This disqualifies him for membership.

28.     In or about May, 2004, the Superior Court of New Jersey, Chancery Division, Family Part, entered an Order compelling Orlando to consent to Plaintiff's application for membership to the Club.

29.     On or about June 25, 2004, and despite Orlando's enforced Consent, the Governors voted to deny Plaintiff's application to the Club. Simultaneously, they allowed Orlando to retain his membership. The vote was secret, and Plaintiff does not know who among the Governors voted for or against her membership.

30.     The Governors wrote to Plaintiff, and advised her that this denial was based on the prior history of Orlando's domestic violence towards Plaintiff.

31.     Upon information and belief Orlando was a member of the Board of

Governors 1997-2002.   On information and belief Orlando conspired with the Governors, or some of them, to prevent Plaintiff from gaining membership.

32.    Plaintiff is a member of a protected class, Females, under both LAD and federal civil rights statutes.

33.    Plaintiff has a right under the First Amendment and **Article 1, § 1**, of the New Jersey Constitution to associate with the other members of the Club; and under **Article 1, § 5** of the New Jersey Constitution and **LAD, NJSA 10:5-4** *et seq*, to be free of gender discrimination in places of public accommodation.

34.    The Club has discriminated against Plaintiff on the basis of gender.

35.    The Club has violated Plaintiff's right of association on the basis of gender.

36.    The Club has discriminated against Plaintiff on the basis of her status as a victim of domestic violence.

37.    The vast majority of victims of domestic violence are women. Therefore, discrimination against victims of domestic violence is inherently gender-based discrimination. This has been recognized by the federal government in enacting **42 USC 13981**, and by the State of New Jersey in enacting various laws which, *inter alia*, make domestic violence a specific crime, extend special zoning considerations to shelters for victims of domestic violence, and impose special taxes to benefit victims of domestic violence.

38.    The actions of the Club and the Governors have had a disparate impact on

women.

39.    The actions of the Club are directed and controlled by the Governors.

40.    The Club has a long standing policy, incorporated in its rules of limiting the "tee times" (i.e., the time at which one can commence a round of golf) for women (other than the two (2) female Class A members) and children to certain hours that are not particularly desirable.

41.    The Club has facilities, notably The Men's Grill Room, and card rooms which are limited to men. There are no equivalent facilities for women. Said facilities are part of the licensed premises.

42.    Plaintiff was harmed, and limited in her enjoyment of a public accommodation, by these limitations.

## FIRST CAUSE OF ACTION

43.    Voting by the Governors on the decision not to extend Plaintiff a Lady Special membership was secret.

44.    Orlando and Governors or some of them, conspired against Plaintiff contrary to 42 USC 1985 to deprive her of her civil right to associate with the other members of the Club, and to be free of gender based discrimination.

45.    The actions of the Governors are attributable to the Club.

WHEREFORE, Plaintiff demands judgment pursuant to 42 USC 1985 on this Count against all Defendants other than the Borough of Haworth and any Governors who voted for Plaintiff's membership, jointly and severally, for damages, costs of suit and counsel

fees.

## SECOND CAUSE OF ACTION

46.     The actions of the Club and the Board of Governors in denying Plaintiff
membership was contrary to **NJLAD, NJSA 10:5-4**.

WHEREFORE, Plaintiff demands judgment on this Count pursuant to **NJSA
10:5-4** all Defendants other than the Borough of Haworth and any Governors who voted for
Plaintiff's membership, jointly and severally, for damages, costs of suit and counsel fees.

## THIRD CAUSE OF ACTION

47.     The conduct of the Club, in limiting the tee times of women members and
excluding them from the Men's Grill and card room, violated **NJLAD, 10:5-4**.

WHEREFORE, Plaintiff demands judgment on this Count enjoining the
Defendants, other than the Borough of Haworth, from excluding women members from The
Mens Grill and card room; and in limiting tee times; and for counsel fees and costs of suit.

## FOURTH CAUSE OF ACTION

48.     Defendant Borough of Haworth violated Plaintiff's civil rights, and the civil
rights of others similarly situated, in granting a liquor license to Defendant White Beeches.

WHEREFORE, Plaintiff demands judgment on this Count, enjoining
Defendant Borough of Haworth from renewing the liquor license held by the Club so long
as it discriminates on the basis of gender in its membership or in the licensed premises.

## FIFTH CAUSE OF ACTION

49.     In June 2005, Defendant White Beeches sought to renew its liquor license.

50.    At the time White Beeches sought renewal of its license, Defendant Haworth had been served with Plaintiff's Complaint , and was on notice of Plaintiff's allegations of discriminatory conduct by the license.

51.    Defendant Haworth was obligated, under **NJSA 33:1-24** and **NJAC 13:2-2.9(b)** to investigate Plaintiff's allegations of discrimination.

52.    Defendant Haworth failed in its obligations to investigate the allegations against White Beeches, and renewed the license without comment, thereby injuring Plaintiff and all other persons similarly situated.

WHEREFORE, Plaintiff demands judgment on this Count for herself and all other persons similarly situated against Defendant Haworth for compensatory and punitive damages and costs of suit.

## SIXTH CAUSE OF ACTION

53.    Plaintiff repeats the allegations of Paragraphs 49 to 52.

54.    Upon learning of Plaintiffs' allegations of discrimination, Defendant Haworth was obligated, pursuant to **NJSA 10:5-12(f)(2)** to refer the matter to the New Jersey Director of the Alcoholic Beverage Commission for investigation.

55.    On information and belief, Defendant Haworth failed to so refer the allegations.

56.    In failing to refer the allegations, Defendant Haworth injured Plaintiff and all

others similarly situated.

WHEREFORE, Plaintiff demands judgment on this Count for herself and all other persons similarly situated against Defendant Haworth for compensatory and punitive damages and costs of suit.

## SEVENTH CAUSE OF ACTION

57.    **NJSA 33:1-25** prohibits a person who has been convicted of a crime of moral turpitude from owning an interest in a plenary license holder, or from being an officer or member of the governing board of a Club licensee.

58.    On information and belief, Defendant White Beeches holds a Club license.

59.    Defendant Haworth had an obligation to investigate whether any of Defendant White Beeches' officers or members of its governing body had been convicted of a crime of moral turpitude.

60.    Defendant White Beeches had a duty to disclose that one of the members of its governing body, Carlo Orlando, had been convicted of a crime of moral turpitude.

61.    Defendant Haworth failed in its duty to so investigate, and Defendant White Beeches failed in its duty to so disclose, to Plaintiff's detriment and injury.

62.    These failures were negligent.

63.    As a direct and proximate result of the negligence of Defendants White Beeches and Haworth, Plaintiff was injured.

WHEREFORE, Plaintiff demands judgment on this Count against Defendants

White Beeches and Haworth, jointly and severally, for damages and costs of suit.

### EIGHTH CAUSE OF ACTION

64.     *Defendant Borough of Oradell violated Plaintiff's civil rights, and the civil rights of others similarly situated, in granting a liquor license to Defendant White Beeches.*

*WHEREFORE, Plaintiff demands judgment on this Count, enjoining Defendant Borough of Oradell from renewing the liquor license held by the Club so long as it discriminates on the basis of gender in its membership or in the licensed premises.*

Dated: October 9 , 2005

_____

Lydia B. Cotz
180 Franklin Turnpike
Mahwah, NJ 07430
Phone 201-512-9961
Fax    201-512-9963

### JURY DEMAND

Plaintiff demands trial by jury on all issues.

_____

Lydia B. Cotz