UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

---

**DEBRA CITRO,**

**Plaintiff,**

v.

**WHITE BEECHES GOLF &
COUNTRY CLUB, a New Jersey not-
for-profit Corporation; PATRICK
PAOLELLA; FRED PIERONI;
CHARLES ALBERTA; E. CARTER
CORRISTON; CARMINE IDONE;
GARY VASSALLO; ROBERT
SILVESTRI; NELSON MAIONE;
JAMES FLYNN; C. JOHN MILIOTIS;
EDWARD COMEAU; GUS DOVI;
ERIC LANGSLET; DILIO
DiPASQUALE; RONALD BOZZO;
and the BOROUGH OF HAWORTH,
A New Jersey Municipal Corporation,**

**Defendants.**

CASE NO.: 05-1792 (JAG)

*CERTIFICATION IN SUPPORT*

---

Lydia B. Cotz does hereby certify as follows:

1.      I am the attorney for plaintiff in this matter. The Complaint alleges *inter alia* gender bias in the operation of Defendant White Beeches Country Club ("the Club" or "White Beeches"); and that Defendant Boroughs of Haworth and Oradell should be enjoined from issuing a liquor license to any facility which so engages in gender biased-practices.  Among other claims, we assert that a gender-biased facility which holds a liquor license is a place of public accommodation under NJSA 10:5- 4, and that such conduct is prohibited by New Jersey's LAD.

2.      I have been unable to resolve a discovery dispute with Mr. Murphy, counsel for White Beeches as well as the 19 individuals who made up its Board of Governors at the relevant times.  I have made repeated attempts to understand and meet his objections, but we have been unable to reach a mutually agreeable understanding.  Copies of my e-mails and letters are attached as **Exhibit A.**

*Voting History*

3.      In my initial discovery demands to Mr. Murphy, I asked the Club to produce any records of how the individual defendants voted on the issue of extending a member-ship to Plaintiff; and I asked, as an Interrogatory, for the identity of those who voted for and against her application.  I also asked a similar interrogatory of each individual De-fendant.  Mr. Murphy refused to provide this information, asserting "privilege".

4.      Among other allegations, we have asserted (see, ¶ 32 of the Third Amended Complaint, and the First Cause of Action) that certain individual Defendants conspired with Plaintiff's violent ex-husband, Carlo Orlando, to bar her from the Club, thereby depriving her of a civil right contrary to 42 USC 1985.  To explore and prove this allegation, we have to know who it was that voted against her, so we can determine why they did so. My Interrogatories to the individual Defendants, which have not been answered, are attached as **Exhibit B**. Therefore, there is a direct relevancy to these defendants voting history on this issue.

5.      Ms. Citro has already testified at her deposition that at least two Board members, Messers Paolella and Corriston, approached her to tell her that Mr. Orlando had approached them to ask that they vote against her admission.  Presumably, he approached others who were not so open and forthcoming.  Without the voting history, we cannot ex-plore this effectively.

6.      Furthermore, lending credence that there was some sort of conspiracy to ex-clude her, a Board member and attorney, Joseph Guez, appeared twice at  motion hearings in the Family Part proceeding where Ms. Citro sought to compel her ex-husband to consent to her re-admission.  I attach as **Exhibit C** the transcript of the hearings on May

14, 2004, in which Mr. Guez is clearly speaking on behalf of the White Beeches Board in arguing against Ms. Citro's return solely because of her status as a victim of domestic violence.

### *Financial Records*

5.      We allege, *inter alia*, that White Beeches is a place of public accommodation, notwithstanding its self-proclaimed status as an exclusive private club. In an effort to prove that, we have requested certain financial records. These were identified in our Initial Demand to Produce, **Exhibit D**; items 10, 11 and 12 and more recently, with greater focus and specificity, in a Second Demand to Produce, **Exhibit E**. The Club has refused to produce these, citing both their "confidential" nature, and relevancy. I have already acknowledged that the financial records will be treated as confidential, **Exhibit F**, although I would not agree to the sweeping "Confidentiality Stipulation" which Mr. Murphy proposed.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing is false, I am subject to punishment.

Dated: February   , 2006                     _Lydia B. Cotz_____

                                            Lydia B. Cotz